# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 7400 | DATE | 10/23/2012 |
| CASE TITLE | Love, Jr. vs. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed in forma pauperis [4] is granted.

■ [ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff Anthony Love ("Love") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Love's Motion to Proceed *In Forma Pauperis* is granted.

    Love brings this cause of action against Michael J. Astrue, as Commissioner of Social Security ("the Commissioner"), for the denial of Supplemental Security Income Benefits. Love filed an application for benefits with the Commissioner on February 24, 2010. An Administrative Law Judge denied Love's claim on June 8, 2011. Love subsequently requested review from the Social Security Administration Appeals Council, which denied his request for review on July 18, 2012. Love claims the Administrative Law Judge's decision denying him benefits is not supported by substantial evidence, and asks the Court to reverse the Commissioner's decision, or, in the alternative, remand this case to the Commissioner for further proceedings.

    Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Love to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Love need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Love is currently incarcerated at Vienna Correctional Center and receives $10.00 per month from that institution. Love does not own real estate or any additional items of personal property worth over $1,000, nor does he have more than $200 in cash in a checking or savings account. Based on these facts, Love's financial affidavit sets forth his inability to pay the mandated court fees.

**STATEMENT**

Love challenges the final decision of the Commissioner in this appeal. The Social Security Act requires that a complaint challenging a final decision of the Commissioner be filed within sixty days of receiving the decision. 42 U.S.C. § 405(g); *Johnson v. Sullivan*, 992 F.2d 346, 355 (7th Cir. 1990). The date of receipt is presumed to be five days after the date of the notice, unless the plaintiff can make a reasonable showing tot he contrary. *See 20 C.F.R.* §§ 404.901, 422.210(c). Love filed his Complaint on September 17, 2012, sixty-one days after the Appeals Council's denial – presumably fifty six-days after receipt of the decision. Accordingly, Love's Complaint is timely and properly before the Court. Love also asserts that the finding that he is not entitled to supplemental income benefits is not supported by substantial evidence. Love has therefore adequately stated a cause of action to give rise to plausible entitlement to relief. *See Iqbal*, 556 US. At 678 (quoting *Twombly*, 550 U.S. at 555).